FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 25 2017

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| **JAMES SMILEY, on behalf of himself and all others similarly situated,** | Case No. 4:17-cv-012-SWW |
| **Plaintiff,** | |
| -vs.- | |
| **DELI PARTNERS, LLC, a franchisee d/b/a "Jason's Deli"; HARVEY NORTH LITTLE ROCK, L.L.C., managing entity; and BOURKE C. HARVEY, an individual,** | **COLLECTIVE ACTION COMPLAINT** |
| **Defendants.** | This case assigned to District Judge Wright and to Magistrate Judge Volpe |

COMES NOW Plaintiff James Smiley ("Plaintiff"), individually and on behalf of all others similarly situated, by and through undersigned counsel alleges and he alleges as follows:

## I.
## NATURE OF THE ACTION

1.      This action seeks to recover unpaid overtime compensation under the Fair Labor Standards Act ("FLSA") and the Arkansas Minimum Wage Act ("AMWA") for Plaintiff arising out of hours worked in his salaried assistant manager position(s) below the level of general manager ("AM"), and for other current and former employees working in assistant manager positions below the level of general manager (collectively, the "AMs"), who worked more than 40 hours as an AM in any workweek at any of the Jason's Deli store locations owned and/or operated by Defendants, for which workweek the AM was paid within the period beginning three years preceding the filing date of this Complaint and ending on the date of judgment in this matter (the "relevant period").

## II.
## THE PARTIES

2.     Plaintiff James Smiley ("Plaintiff") is a resident of Cabot.

3.     According to its corporate filings with the Texas Secretary of State, Defendant Deli Partners, LLC ("DP"), may be served with process on its registered agent, Defendant Bourke C. Harvey ("Harvey"), at 1608 Rogers Road, Fort Worth, Texas 76107.

4.     According to its Texas Franchise Tax Public Information Report, filing number 801053304, filed on or about December 5, 2015, with the Texas Secretary of State, Defendant Harvey North Little Rock ("HNLR") is the "Manager" of Defendant DP.

5.     According to its corporate filings with the Texas Secretary of State, Defendant DP lists HNLR as its "Manager."

6.     According to its corporate filings with the Arkansas Secretary of State, Defendant HNLR is an Arkansas corporation, Defendant Harvey is one of its Officers, and it may be served with process on its registered agent Harvey at 4209 East McCain Blvd, North Little Rock, AR 72117.

7.     According     to     the     Linkedin.com     online     profile     at https://www.linkedin.com/in/bourke-harvey-2577288/ posted, upon information and belief, by Defendant Harvey, Defendant Harvey is the "Owner" of "Deli Partners, Ltd."[1]

8.     Defendant DP is a franchisee of Deli Management, Inc.

9.     Defendants DP and Harvey own and operate Jason's Deli restaurants in Arkansas, Minnesota, Oklahoma and Texas.

---

[1]     According to its Certificate of Conversion filed with the Texas Secretary of State filed-stamped November 17, 2008, Deli Partners, Ltd., a Texas limited partnership, converted to Deli Partners, LLC, a Texas limited liability company.

10.     Upon information and belief based on DP's own corporate filings, Defendant HNLR manages DP, which owns and operates approximately nine Jason's Deli franchise restaurants in Arkansas, Minnesota, Oklahoma, and Texas.

11.     Plaintiff was paid by salary throughout his nine weeks of AM training beginning on approximately January 16, 2017, and thereafter worked as a salary-paid AM from the time he completed salary-paid training for that position until his employment ended in or about June or July of 2017 (Plaintiff's "period of AM employment").

12.     Plaintiff worked for Defendant during his period of AM employment at its stores located in Fayetteville, Arkansas, for his entire salary-paid training period, and thereafter in North Little Rock.

13.     Plaintiff frequently worked over 40 hours in a workweek during his period of AM employment, and received one or more paychecks on the regularly scheduled pay dates for such workweeks within the relevant period that did not contain overtime premiums.

14.     Plaintiff is a covered employee under the FLSA.

15.     Defendant DP was an employer of Plaintiff under the FLSA.

16.     Defendant DP was an employer of the AMs under the FLSA.

17.     Defendant HNLR, as manager of DP, was an employer of Plaintiff under the FLSA.

18.     Defendant HNLR, as manager of DP, was an employer of the AMs under the FLSA.

19.     Defendant Harvey was an employer of Plaintiff under the FLSA.

20.     Defendant Harvey was an employer of the AMs under the FLSA.

21.     DP was at all times during the relevant period a provider of food and beverage

services and was at all times during the relevant period through the date of this Complaint an employer or enterprise engaged in commerce and therefore subject to the FLSA under 29 U.S.C. § 203(b) & (d).

22.     DP, at all times during the relevant period through the date of this Complaint, was an enterprise engaged in commerce for purposes of the FLSA, having employees handling or otherwise working on goods or materials that have been moved in or produced for commerce.

23.     DP, at all times during the relevant period through the date of this Complaint, had annual gross revenues in excess of $500,000.

24.     At all times during the relevant period through the date of this Complaint, Defendant Harvey was a person acting directly or indirectly in the interest of Plaintiff's employer in relation to Plaintiff.

25.     At all times during the relevant period through the date of this Complaint, Defendant Harvey was a person acting directly or indirectly in the interest of the AMs' employer in relation to the AMs.

26.     At all times during the relevant period through the date of this Complaint, Defendant Harvey was a corporate officer with operational control of Plaintiff's employer in relation to Plaintiff.

27.     At all times during the relevant period through the date of this Complaint, Defendant Harvey was a corporate officer with operational control of the AMs' employer in relation to the AMs.

28.     At all times during the relevant period through the date of this Complaint, Defendant Harvey had a majority or more than insubstantial ownership interest in the employer of Plaintiff and the AMs.

29.     At all times during the relevant period through the date of this Complaint, Defendant Harvey exercised significant operational control over the corporate functions of the employer of Plaintiff and the AMs.

30.     DP, HNLR, and Harvey constitute an "enterprise" having control over Plaintiff's and the AMs' employment under the FLSA.

31.     At all times during the relevant period through the date of this Complaint, Defendant Harvey was responsible for classification of Plaintiff and the AMs as exempt from the overtime laws, and for payment to Plaintiff and the AMs for hours worked, as a corporate officer with operational control of the covered enterprise that employed Plaintiff and the AMs, and may therefore be held liable in an individual capacity as an "employer," as defined by the FLSA, for the failure to pay overtime compensation to Plaintiff and the AMs in violation of § 207 of the FLSA.

### III.
### JURISDICTION & VENUE

32.     This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

33.     This Court has supplemental jurisdiction over the additional state law claims alleged herein pursuant to 28 U.S.C. § 1367(a).

34.     Venue is proper in this judicial district under 28 U.S.C. § 1391 because Defendants as a covered enterprise operate Jason's Deli restaurants in this judicial district, Plaintiff worked for, and received paychecks from his employment for, Defendants' covered enterprise, within this judicial district, and a substantial part of the events giving rise to the claim herein occurred in this judicial district.

35.     Defendants are subject to personal jurisdiction in this district.

## IV.
## FLSA COLLECTIVE ACTION ALLEGATIONS

36.     Pursuant to 29 U.S.C. § 216(b), Plaintiff seeks to prosecute his FLSA claims individually and as a collective action on behalf of all persons who are or were formerly employed by Defendants as AMs at any time during the relevant period (the "Collective Action Members").

37.     Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and other AMs.

38.     There are many similarly situated current and former AMs who have not been paid overtime premiums for hours worked over 40 in a workweek in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.  Thus, notice should be sent to the Collective Action Members pursuant to 29 U.S.C. § 216(b).

39.     The similarly situated Collective Action Members are known to Defendants, are readily-identifiable, and can be located through Defendants' records.

## V.
## STATEMENT OF FACTS

40.     Defendants employed Plaintiff and the Collective Action Members as AMs during the relevant period.

41.     Defendants maintained control, oversight, and discretion over the operation of all of their franchised Jason's Deli restaurants, including their employment practices with respect to the AMs.

42.     Plaintiff's and the AMs' work was performed in the normal course of Defendants' business and was integrated into it.

43.     Consistent with the Defendants' policy, pattern and practice, Plaintiff worked over 40 in one or more workweeks during his period of AM employment, and the AMs worked over 40 hours in one or more workweeks during the relevant period, but Plaintiff and the AMs did not receive overtime premiums on one or more regularly scheduled pay dates within the relevant period for hours worked as AMs in excess of 40 in those workweeks.

44.     All of the work that the Plaintiff and the AMs performed was assigned by Defendants, or Defendants were aware of all of the work that they have performed.

45.     The work that Plaintiffs and the AMs performed as part of their primary duty required little skill and no capital investment.

46.     The work that Plaintiff and the AMs performed as part of their primary duty did not include managerial responsibilities or the exercise of meaningful independent judgment and discretion.

47.     Regardless of the store at which they worked, Plaintiff's and the AMs' primary job duties included:

   a.     preparing food;
   b.     helping customers;
   c.     bussing tables;
   d.     cleaning the restaurant;
   e.     checking to make sure that supplies were properly shelved; and
   f.     checking inventory.

48.     Regardless of the store at which they worked, Plaintiff's and the AMs' primary job duties did not include:

   a.     hiring;
   b.     firing;
   c.     disciplining other employees;
   d.     scheduling;
   e.     supervising and delegating; or
   f.     exercising meaningful independent judgment and discretion.

49.     Plaintiff's and the AMs' primary duties were manual in nature.

50.     The performance of manual labor duties occupied the majority of Plaintiff's and the AMs' working hours.

51.     Pursuant to a centralized, company-wide policy, pattern and/or practice, Defendants internally classified, and paid, all of its Assistant Manager positions, including Plaintiff's and the AMs' positions, as exempt from the maximum hour overtime compensation requirements of the FLSA, throughout the relevant period.

52.     Upon information and belief, Defendants did not perform a person-by-person analysis of the AMs' job duties when making the decision to classify the AMs (and other similarly-situated current and former employees holding comparable positions but different titles) as exempt from the overtime provisions of the FLSA.

53.     Plaintiff and the AMs were paid by salary throughout their entire period of training to become an Assistant Manager for Defendants, but were not paid overtime premiums when they worked over 40 hours in a work week during their training periods, at all times throughout the relevant period.

54.     Defendants knew or should have known that under 29 C.F.R. § 541.705, none of the bona fide exemptions under the FLSA could apply to Plaintiff's and the AMs' work during their period of training for employment as an Assistant Manager.

55.     Defendants had a policy of deducting from Plaintiffs' and the AMs' net salary pay for what was listed on paystubs as "Shortage," which involved deductions from salary for, among other things, cash register shortages and the company's payment for employer-required Assistant Manager name badges.

56.     Defendants had an actual practice of deducting, and did in fact during the relevant period deduct, from Plaintiffs' and the AMs' net salary pay for what was listed on paystubs as "Shortage," which involved deductions from salary for, among other things, cash register shortages and the company's payment for employer-required Assistant Manager name badges.

57.     Since 2006 at the latest, the U.S. Department of Labor has announced its determination that employer deductions from salary for cash register shortages fails the "salary basis" test for any bona fide administrative or executive exemptions under the FLSA.

58.     Defendants' conduct alleged herein was willful or in reckless disregard of the applicable wage and hour laws and was undertaken pursuant to Defendants' centralized, company-wide policy, pattern, and practice of attempting to minimize labor costs by not paying overtime premiums to its AMs.  Defendants knew that AMs were not performing work that complied with any FLSA exemption and it acted willfully or recklessly in failing to classify Plaintiff in his AM position and other AMs as non-exempt employees.

59.     During the relevant period, Defendants were aware or should have been aware, through its management-level employees, that Plaintiff in his AM position and AMs were primarily performing non-exempt duties.

60.     During the relevant period, Defendants knew or recklessly disregarded the fact that the FLSA required it to pay employees primarily performing non-exempt duties an overtime premium for hours worked in excess of 40 per workweek.

61.     Accordingly, Defendants' unlawful conduct was willful or in reckless disregard of the applicable wage and hour laws and undertaken pursuant to Defendants' centralized, company-wide policy, pattern, and practice of attempting to minimize labor costs by not paying overtime premiums to AMs.

62.     As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA with respect to AMs. This policy and pattern or practice includes but it is not limited to:

a.     willfully misclassifying Plaintiff and the Collective Action Members as exempt from the requirements of the FLSA;

b.     willfully failing to pay Plaintiff and the Collective Action Members overtime wages for hours that they worked in excess of 40 hours per week;

c.     requiring Plaintiff and the Collective Action Members to perform primarily non-exempt tasks; and

d.     willfully failing to provide enough money in its restaurant-level labor budgets for its non-exempt employees to perform their duties and responsibilities, forcing its AMs who were classified by Defendants as exempt, to perform additional non-exempt tasks.

63.     Defendants' willful violations of the FLSA are further demonstrated by the fact that during the relevant period, Defendants failed to maintain accurate and sufficient time records of work start and stop times for Plaintiff and the Collective Action Members.

64.     Defendants acted recklessly or in willful disregard of the FLSA by instituting a policy and/or practice that did not record all hours worked by Plaintiff and the Collective Action Members during the relevant period.

**VI.**
**FIRST CAUSE OF ACTION**
**Fair Labor Standard Act – Unpaid Overtime Wages**
**On Behalf of Plaintiff and the FLSA Collective**

65.     At all relevant times, Defendants have been, and continue to be, an employer enterprise engaged in interstate commerce and the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

66.    Defendants are subject to the coverage of the maximum hours and overtime compensation provisions of the FLSA.

67.    Defendants engaged in a widespread pattern and practice of violating the FLSA, as detailed above in this Complaint.

68.    Plaintiff consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b), as reflected in the attached consent filed contemporaneously herewith.

69.    The overtime wage provisions set forth in 29 U.S.C. § 201 *et seq.*, apply to Defendants.

70.    During the relevant period and continuing to the present time, Defendants had a policy and practice of not paying overtime premiums to Plaintiff and its AMs, for hours worked in excess of 40 hours per workweek.

71.    As a result of Defendants' willful failure to compensate its AMs, including Plaintiff and the Collective Action members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendants have violated and continue to violate the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

72.    As a result of Defendants' willful failure to record, report, credit and compensate its employees, including Plaintiff and the Collective Action Members, Defendants have failed to make, keep and preserve records with respect to each of its AMs sufficient to determine the wages, hours, and other conditions and practices of employment, in violation of the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

73.    As a result of Defendants' policy and practice of minimizing labor costs by underfunding the labor budgets for its restaurants, Defendants knew or recklessly disregarded

the fact that Plaintiff and the Collective Action Members were primarily performing manual labor and non-exempt tasks.

74.     Due to Defendants' failure to provide enough labor budget funds, failure to take into account the impact of the underfunded labor budgets on the primary job duties of Plaintiff and the Collective Action Members, Defendants' actual knowledge through its managerial employees/agents that the primary duties of the Plaintiff and the Collective Action Members were manual labor and included other non-exempt tasks, Defendants' failure to perform a person-by-person analysis of Plaintiff's and the Collective Action Members' job duties to ensure that they were performing exempt job duties, and Defendants' instituting a policy and practice that did not record all hours worked by Plaintiff and the Collective Action Members, Defendants knew or showed reckless disregard that their conduct was prohibited by the FLSA, under 29 U.S.C. § 255(a).

75.     As a result of Defendants' FLSA violations, Plaintiff, on behalf of himself and the Collective Action Members, is entitled (a) to recover from Defendants unpaid overtime wages, (b) to recover an additional, equal amount as liquidated damages, and (c) to recover their unreasonably delayed payment of wages, reasonable attorneys' fees, costs and disbursements of this action, and all allowable interest, pursuant to 29 U.S.C. § 216(b) and the federal rules.

76.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255.

**VII.**
**SECOND CAUSE OF ACTION:**
**(Violations of the Arkansas Minimum Wage Act ("AMWA"),**
**Ark. Code Ann. § 11-4-201, et seq.)**

**A.     AMWA COVERAGE**

71.     All previous paragraphs are incorporated as though fully set forth herein.

72.     At all times throughout the relevant period, Defendants have been an employer within the meaning of the AMWA.

73.     Defendants employed more than 4 employees at all times relevant to this lawsuit.

74.     At all times during his period of AM employment, Plaintiff has been an employee within the meaning of the AMWA.

75.     Plaintiff was employed by Defendants during the period of Plaintiff's AM employment, and has been a covered employee entitled to the protections of the AMWA and was not exempt from the protections of the AMWA.

76.     Defendants are not exempt from paying overtime benefits under the AMWA.

**B.      FAILURE TO PAY WAGES IN ACCORDANCE WITH THE AMWA**

77.     All previous paragraphs are incorporated as though fully set forth herein.

78.     The AMWA requires that employees, including Plaintiff, receive "time and one-half" overtime premium compensation for hours worked over forty (40) per week.

79.     Plaintiff was not exempt from receiving overtime benefits under the AMWA during his period of employment.

82.     Plaintiff worked more than 40 hours in workweeks during the relevant period, and Defendants violated the AMWA by failing to pay Plaintiff any overtime premium for hours worked over 40 per week.

83.     Plaintiff has suffered damages and continues to suffer damages as a result of Defendants' acts or omissions as described herein.

84.     Defendants are in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

85.     In violating the AMWA, Defendants acted willfully, without a good faith basis,

and with reckless disregard of applicable Arkansas law.

## VIII.
## PRAYER FOR RELIEF

Therefore, Plaintiff seeks a judgment finding liability under the FLSA and AMWA, and entering the following relief on behalf of himself and all others similarly-situated:

A.      That each Defendant be summoned to appear and answer herein;

B.      Designation of this action as an FLSA collective action on behalf of the Collective Action Members and prompt issuance of notice to all similarly-situated persons, apprising them of the pendency of this action, permitting them to join this action pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

C.      An award of unpaid wages for all hours worked in excess of 40 in a workweek at a rate of one and one-half times the regular rate of pay under the FLSA using the following common methodology for calculating damages: ((Annual Salary ÷ 52) ÷ 40) x Total Number of Overtime Hours Worked x 1.5;

D.      Equitable tolling of the FLSA statute of limitations;

E.      A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

F.      An award of liquidated damages as a result of Defendants' willful failure to pay for all hours worked in excess of 40 in a workweek at a rate of time and one-half of the regular rate of pay pursuant to 29 U.S.C. § 216;

G.      An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

H.      An Order pursuant to the AMWA awarding Plaintiff unpaid overtime and any other damages or injunctive relief allowed by law;

I.   An Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

J.   An Order compelling the accounting of the books and records of Defendants, at Defendants' own expense;

K.   An award of costs and expenses of this action together with reasonable attorney's fees and an award of a service payment to the Plaintiff; and

L.   Such other and further relief as this Court deems just and proper.

Dated: **September 25, 2017**

Respectfully submitted,

**SANFORD LAW FIRM, PLLC**

By:   _____

**Josh Sanford**
Ark. Bar No. 2001037
josh@sanfordlawfirm.com
One Financial Center
650 S. Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

C. Andrew Head
GA Bar No. 341472
*(pro hac vice admission to be filed)*
Donna L. Johnson
GA Bar No. 086989
*(pro hac vice admission to be filed)*
**HEAD LAW FIRM, LLC**
White Provision, Suite 305
1170 Howell Mill Road NW
Atlanta, Georgia 30318
T: (404) 924-4151
F: (404) 796-7338
E: ahead@headlawfirm.com
djohnson@headlawfirm.com

**Page 15 of 16**
**Original Complaint**

**KLAFTER OLSEN & LESSER LLP**
Fran L. Rudich
*(pro hac vice admission to be filed)*
Seth R. Lesser
*(pro hac vice admission to be filed)*
Two International Drive, Suite 350
Rye Brook, New York 10573
T: (914) 934-9200
F: (914) 934-9220
E: Fran@klafterolsen.com
seth@klafterolsen.com

## CONSENT TO JOIN FLSA LAWSUIT

I hereby consent to join this lawsuit as a Representative Plaintiff seeking to recover alleged unpaid overtime wages, liquidated damages, prejudgment interest, attorneys' fees, and costs from Deli Partners d/b/a Jason's Deli ("Defendant") and its related entities and/or corporate officers, under the Fair Labor Standards Act ("FLSA").

As a representative Plaintiff, I understand that I will have authority to participate in the making of decisions on behalf of myself and any plaintiffs, not named in the caption of the lawsuit, who later opt-in to this lawsuit, including but not limited to retaining counsel for the collective class. I have entered into a contingency fee agreement with the law firm of Head Law Firm, LLC authorizing retention of additional co-counsel and/or local counsel (collectively "class counsel").

I hereby authorize such class counsel to make such further decisions with respect to the conduct and handling of this action, including the settlement thereof, as they deem appropriate and necessary. I further understand that I will be bound by judgment, whether it is favorable or unfavorable. I will also be bound by, and will share in, as the Court may direct or the parties may agree, any settlement that may be negotiated on behalf of all plaintiffs in this action.

I acknowledge and agree that this consent is intended to be filed to participate in an action seeking to recover overtime wages alleged to be owed to me by Defendant, whether such allegations are made in this litigation or a subsequent suit that may be filed on my behalf. This consent may be filed in this litigation, or in any other or subsequent litigation in any court for the same purpose.

I hereby consent to join in this lawsuit.

Signature: _____   Date: _9 - 15 - 17_____

Printed Name: _James Smiley_