# Exhibit 1

**SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS**

This Settlement Agreement and Limited Release ("Agreement") is made by and between Plaintiff James Smiley ("Named Plaintiff"), on behalf of himself and a putative collective of others similarly situated, and individual Defendant Bourke C. Harvey ("Harvey"), and corporate Defendants Deli Partners, LLC, a franchisee d/b/a "Jason's Deli," Harvey North Little Rock, L.L.C., and Deli Partners of North Little Rock, LP (collectively, the "Company") (Company and Harvey all collectively referred to as "Defendants") (Plaintiff and Defendants are collectively referred to herein as the "Parties").

WHEREAS, on September 25, 2017, Named Plaintiff commenced this litigation by filing a Complaint ("Complaint") in the U.S. District Court for the Eastern District of Arkansas (the "Court"), captioned *Smiley v. Deli Partners, LLC, et al.*, Case No. 4:17-cv-612-JLH (the "Action"), asserting individual and collective action claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, as well as an individual claim under the Arkansas Minimum Wage Act (the "AMWA"), arising out of the alleged failure to pay required overtime premiums to employees working in any of the various salary-paid Assistant Manager positions that Company classified and paid as exempt from federal or state overtime pay requirements for overtime hours worked; and

WHEREAS, Defendants deny that they have committed any wrongdoing or violated any state or federal law pertaining to payment of wages or hours of work and have answered and intended to vigorously defend the federal and state law claims asserted in the Action; and

WHEREAS, with the assistance of an experienced wage and hour mediator, Richard Ramsay of RAMSAY MEDIATION & ARBITRATION in Little Rock, Arkansas, the Parties engaged in an in-person mediation on February 13, 2018; and

WHEREAS, in order to avoid the expense and burden of further litigation, the Parties negotiated a settlement at the above-mentioned mediation on February 13, 2018, in good faith and in consideration of the mutual promises set forth herein, the Parties agree as follows:

1. **Definitions.**

    a. "Claim" means the putative collective action claims under the FLSA asserted in the Amended Complaint in the Action arising out of the alleged failure to pay required overtime premiums for overtime hours worked as a salary-paid Manager in Training ("MIT"), or as a salary-paid Second Assistant Manager (2A) or Third Assistant Manager (3A) (i.e., below the level of and therefore not including Sr. 1st Assistant Manager or Jr. 1st Assistant Manager), at one of the Deli Locations operated by one or more Defendants (the "Covered Positions"), which Covered Positions the Company had classified and paid as exempt from federal or state overtime pay requirements for overtime hours worked at certain times during the period of February 13, 2015 through February 13, 2018 (the "FLSA Period").

    b. "Deli Locations" mean the following nine Jason's Deli franchisees operated by any one of Defendants: 745 E Joyce Blvd, Fayetteville, AR 72703; 301 N Shackleford

1

   Rd, Little Rock, AR 72211; 4209 E McCain Blvd, North Little Rock, AR 72117; 7565 France Ave S, Edina, MN 55435; 1724 East Battlefield Road, Springfield, MO 65804; 78 E 33rd St, Edmond, OK 73013; 950 Ed Noble Dr, Norman, OK 73072; 4236 Nw Expy, Oklahoma City, OK 73116; and 2219 Hwy 288 S. Loop, Denton, TX 76205.

c. "Settlement Collective Action Member" means any individual who worked in one or more of the Covered Positions during the FLSA Period. The Parties have relied on Defendants' representation that there are 34 potential Participating Settlement Members.

d. "Participating Settlement Member" means Named Plaintiff and any Settlement Collective Action Member who timely submits to Plaintiff's Counsel a signed Consent to participate in this settlement and join the Action under the settlement notice procedures in this Agreement.

e. "Plaintiff" means the Named Plaintiff in the Action.

f. "Plaintiff's Counsel" means Head Law Firm, LLC, Klafter Olsen & Lesser LLP, and Sanford Law Firm PLLC.

g. "Released Claims" means any and all Named Plaintiff's and Participating Settlement Member's claims, obligations, demands, actions, rights, causes of action and liabilities, whether known or unknown, against Defendants that were or could have been asserted in the Complaint in the Action as amended, limited to and based exclusively on the Claim, for alleged unpaid wages, overtime compensation, liquidated or other damages, unpaid costs, penalties (including late payment penalties), interest, attorneys' fees, litigation costs, restitution or other compensation and relief, arising under the FLSA or applicable state law for their individual weeks worked in a Covered Position during the FLSA Period. For the purposes of this definition, "Defendants" shall mean Defendant Bourke C. Harvey ("Harvey"), his heirs, assigns, agents, and administrators, and corporate Defendants Deli Partners, LLC, a franchisee d/b/a "Jason's Deli," Harvey North Little Rock, L.L.C., and Deli Partners of North Little Rock, LP (collectively, the "Company"), their past and present affiliates including their related companies or entities, predecessors, successors, sister and parent companies, and any other entity in which Harvey has any ownership or interest, and their subsidiaries, stockholders, assigns, directors, officers, managers, agents, attorneys, insurance companies, and present and past employees, (with Harvey, all collectively referred to as "Defendants").

h. "Named Plaintiff's General Release Claims" means any and all claims, obligations, demands, actions, rights, causes of action and liabilities, whether known or unknown, against Defendants that were or could have been asserted in the Complaint in the Action as amended, arising out of Named Plaintiff's former employment with any of Defendants. For the purposes of the preceding sentence, "Defendants" shall mean Defendant Bourke C. Harvey ("Harvey"), his heirs, assigns, agents, and administrators, and corporate Defendants Deli Partners, LLC, a franchisee d/b/a

2

      "Jason's Deli," Harvey North Little Rock, L.L.C., and Deli Partners of North Little Rock, LP (collectively, the "Company"), their past and present affiliates including their related companies or entities, predecessors, successors, sister and parent companies, and any other entity in which Harvey has any ownership or interest, and their subsidiaries, stockholders, assigns, directors, officers, managers, agents, attorneys, insurance companies, and present and past employees, (with Harvey, all collectively referred to as "Defendants"). Named Plaintiff further understands and agrees that he will not be re-employed by any of the corporate entities identified in the Agreement's opening paragraph as Defendants in the future and that he will never knowingly apply to that entity for any job or position in the future; however, this provision does not apply to any other corporate entity or employer, including but not limited to any successors or assigns by acquisition or merger. Named Plaintiff agrees that if he knowingly or unknowingly applies for a position with such entity and is offered or accepts a position with such entity, the offer may be withdrawn and he may be terminated without notice, cause, or legal recourse.

    i.    "Settlement Date" means February 13, 2018, the date of the Parties' agreement in principle to settlement of the Claim in the Action.

**2.    <u>No Admission of Liability or Concession as to the Merits.</u>**

    Defendants expressly deny any wrongdoing or any violation of state or federal law as alleged in the Action. Nothing contained in this Agreement shall be construed as an admission of any liability or concession as to the merits of any claim by any Party, and all Parties agree not to offer this Agreement as evidence or otherwise use it in any judicial or administrative proceeding, except that this Agreement may be introduced in any proceeding for the sole purpose of enforcing its terms.

**3.    <u>Approval of Settlement.</u>**

    (a)    All terms of this Agreement are contingent upon the approval of the Parties' settlement and certification by the Court of the Settlement Collective (as defined in <u>Section 4</u> below) for settlement purposes only.

        i.    If the Court grants an order ("Approval Order") fully, finally, and unconditionally granting the motion for approval of this settlement, then the "Effective Date" of this settlement shall be deemed to occur (A) 35 days after the issuance of such order, if no appeal of said order is filed within that 35-day period, or (B) upon the final disposition of any appeal that has the effect of affirming the order in its entirety ("Effective Date").

        ii.    The Parties agree to cooperate and take all steps necessary and appropriate to move for an Approval Order, and otherwise effectuate all aspects of this Agreement. The Parties agree that they will jointly move for an Approval Order incorporating the terms of this Agreement as the Parties' stipulated Judgment, and retaining jurisdiction over its enforcement, in the form attached hereto as <u>Exhibit A</u>.

    (b) The Parties and their counsel agree that, following their execution of this Agreement, the Parties will jointly file a Motion For Approval of Collective Action Settlement and Incorporated Memorandum of Law and attached executed Agreement ("Joint Motion") on the public docket in the Action within 21 days of the execution by all Parties of this Agreement, unless the Court orders compliance with an earlier date. Plaintiff's Counsel will provide Defendants with a draft of the Joint Motion for Defendants' confirmation as to accuracy and consistency with the terms of this Agreement, which confirmation shall not be unreasonably withheld, within 14 days of the Parties' execution of this Agreement, and Defendants will provide Plaintiff with their confirmation or any proposed correction to accuracy and or consistency of the Joint Motion with this Agreement within 14 days of receiving the draft Joint Motion, with such confirmation by Defendants not to be unreasonably withheld.

    (c) The Parties agree that, if the Court does not grant approval of the settlement for any reason other than the percentage of the attorney's fee award (as set forth in the Parties' agreement in principle, which was drafted and signed by the Parties at the February 13, 2018 mediation), within 14 days of the Court's communication of rejection they must return to mediation (in person or remotely by other means) before mediator Richard Ramsay, or if unavailable during that expedited time frame than before a mutually agreeable mediator or one designated by Mr. Ramsay if agreement cannot be reached, to attempt to revise the terms of the settlement in a way that is mutually agreeable to the Parties and will be accepted by the Court, and all litigation in the Action shall remain stayed.

  **4.** **Settlement Collective.**

  Defendants stipulate for settlement purposes only, to the certification of the following Settlement Collective but does not waive, and instead expressly reserves, all rights to challenge the propriety of conditional certification for any other purpose as if this Agreement had not been entered into by the Parties, in the event that the Court does not approve the settlement or the Effective Date does not occur:

> The Settlement Collective consists of the Named Plaintiff and the 33 individuals who worked in one or more Covered Positions during the FLSA Period, for whom Defendants provided salary and weeks worked data prior to mediation ("Settlement Collective Action Members").

  **5.** **Settlement Payment.**

    (a) In consideration for settlement and the release of claims referenced herein, Defendants agree to pay a total gross sum not to exceed $190,000.00 ("Settlement Sum"), which is inclusive of payment for: (1) settlement of claimed unpaid wages to Named Plaintiff and other Settlement Collective Action Members; (2) all Court-approved attorney's fees, costs, and litigation expenses; and (3) a service payment to Named Plaintiff (if awarded by the Court).

    (b) Plaintiff's Counsel will move for approval of payment of attorney's fees and advanced litigation costs in the amount of 40% of the Settlement Sum ($76,000.00). Defendants agree to payment of attorney's fees and costs in that amount, and do not oppose Plaintiff's Counsel's request for approval of that amount. Plaintiff's Counsel will also request

that the Court approve an award of a service payment of $2,000.00 to Named Plaintiff for his service as Class Representative and as consideration for the broader, general release he is providing to Defendants ("service payment"), and approve a $4,000.00 payment to the Named Plaintiff as his settlement portion of the Settlement Sum ("Named Plaintiff's sum"). Defendants do not oppose any of these payments, subject to approval by the Court.

(c) The amount paid as approved by the Court for attorney's fees and costs and the amounts paid as approved by the Court for a service payment and Named Plaintiff's sum will be deducted from the Settlement Sum to calculate the Net Distribution Amount, which will be allocated to Participating Settlement Members (other than Named Plaintiff) on a pro-rata basis using the uniform formula set forth in Section 8, which Defendants do not oppose.

(d) Payments to Participating Settlement Members (other than a Court-approved service payment) shall be made directly by the Defendants and will be issued as wage income subject to standard withholdings, in accordance with their usual and customary business payroll processing procedures and tax reporting for employer wage payments by IRS Form W-2. Payment to Plaintiff's Counsel of attorney's fees and costs in the amount awarded by the Court shall be made without withholding, and shall be reported to the applicable tax authorities and to Plaintiffs' Counsel under Head Law Firm, LLC and its taxpayer identification number, which the law firm shall provide for this purpose, on Box #14 of IRS Form 1099 and any state equivalent. Payment of any Court-approved service payment shall be made without withholding and be reported to the IRS and Named Plaintiff under the Named Plaintiff's name and social security number on Box #3 of an IRS Form 1099-MISC and any state equivalent.

6. **Settlement Administration.**

(a) Plaintiff's Counsel shall administer the settlement and perform all necessary services of administering this settlement including without limitation, dissemination of notices to Settlement Collective Action Members, responding to those members' inquiries, calculation of settlement payments due, and distribution of settlement payments from the Net Distribution Amount.

(b) Plaintiff's Counsel's responsibilities include: distributing the Settlement Notice to the Settlement Collective Action Members, using the contact information provided by Defendants, as updated by skip tracing and/or National Change of Address ("NCOA") validation; receiving, processing, and filing signed Consents to participate in this settlement and join the Action on the public docket; distributing any service payment awarded by the Court as received from Defendants; calculating the Settlement Checks to be issued by Defendants; and distribution of the Settlement Checks to the Participating Settlement Members.

(c) Defendants' responsibilities include: providing Plaintiff's Counsel with an accurate and complete list identifying and containing all last known physical address information for the Settlement Collective Action Members; providing Plaintiff's Counsel, no later than five days after the execution of this Agreement, all final data regarding work weeks and pay rates in Covered Positions for the Claim as necessary for determination of individual Settlement Amounts; providing Plaintiff's Counsel with the Settlement Checks, Plaintiff's Court-approved Counsel's attorney's fees and costs, and any Court-approved service payment; and, processing

any requested stop payments on issued Settlement Checks and reissuing replacement Settlement Check to Plaintiff's Counsel within seven business days of notification by Plaintiff's Counsel of a received and verified request for issuance of a replacement check.

   (d) Within seven business days of the Effective Date, Defendants shall deliver to Plaintiff's Counsel, by wire transfer or check, the Court-approved payment of Plaintiff's Counsel's attorney's fees and costs.

   (e) Within five days of the Effective Date, Defendants shall provide Plaintiffs' Counsel with an accurate and complete class list in electronic form identifying and containing all last known physical address information for the Settlement Collective Action Members (the "Class List").

   (f) Within ten days of receiving the Class List, Plaintiff's Counsel shall distribute the Court-approved Settlement Notice to all Settlement Collective Action Members, using each individual's last known physical address information provided by Defendants, as updated by any more accurate information regarding recipient contact information known to Plaintiff's Counsel or obtained by skip tracing or NCOA.

   (g) Eligible Settlement Participants (i.e., Settlement Collective Action Members) shall have 60 days from the date of initial distribution of the Court-approved Settlement Notice to submit their signed Consent to participate in this settlement and join the Action to Plaintiff's Counsel by mail, fax, email, or other similar means of delivery (the "Acceptance Period").

   (h) Eligible Settlement Participants for whom Plaintiff's Counsel receive an undeliverable notification from the U.S. Postal Service within the Acceptance Period, and to whom a reissued Settlement Notice has been mailed, shall have the remainder of the 60 day Acceptance Period or 14 days from reissue, whichever is longer, to submit their Consent in response to these notice procedures.

   (i) Within five days after the end of the Acceptance Period, Plaintiff's Counsel shall file on the public docket all Consents submitted in response to these notice procedures.

   (j) Within 14 days after the end of the Acceptance Period, Defendants shall deliver to Plaintiff's Counsel the Settlement Checks to be issued to Participating Settlement Members.

   (k) Within 14 days of receiving the Settlement Checks, Plaintiff's Counsel shall initiate delivery of the Settlement Checks pursuant to the terms of this Agreement.

   7. **Distribution of Net Distribution Amount.**

   (a) <u>Distribution of Settlement Notices</u>. Within the time periods set forth above, Plaintiff's Counsel shall compile and distribute to the Settlement Collective Action Members, a Notice of Settlement and Consent to Join, in the forms approved by the Court. Plaintiff's Counsel shall send such notices by First Class U.S. Mail to each member of the

Settlement Collective (other than Named Plaintiff) at such individual's last known physical address, pursuant to the procedure best for ensuring maximum delivery accuracy set forth above.

(b)   <u>Distribution of Settlement Checks.</u>  Within the time period set forth above, Plaintiff's Counsel shall send Settlement Checks by First Class U.S. Mail to each Participating Settlement Member, at such individual's last known physical address as updated under 6(f), pursuant to a procedure for ensuring maximum delivery accuracy.

(c)   Any settlement mailing returned to Plaintiff's Counsel with a forwarding address shall be re-distributed to that intended recipient within three business days following receipt of the returned undeliverable notification. Plaintiff's Counsel shall undertake reasonable efforts such as skip traces to search for the correct address, and shall promptly re-mail the Settlement Notice to any newly found addresses.

(d)   The gross Settlement Sum (not to exceed $190,000.00) represents the maximum amount Defendants are obligated to pay Plaintiff's Counsel, Named Plaintiff, and Participating Settlement Members pursuant to this Agreement.  Defendants shall be released from any obligation under this Agreement to pay any unclaimed funds remaining in the Settlement Sum after payment of: (1) Named Plaintiff's sum and allocated shares of back wages to all Participating Settlement Members; (2) all Court-approved attorney's fees, costs, and litigation expenses; and (3) any Court-approved service payment to Named Plaintiff.

**8.   Calculation of Individual Awards.**

Each Participating Settlement Member's (other than Named Plaintiff) pro-rata share of the Net Distribution Amount will be calculated pursuant to the formula below (each Participating Settlement Member's "Settlement Amount"), and each Settlement Collective Action Member (other than Named Plaintiff) will receive a Notice of Settlement specifying the Settlement Amount they will receive if they become a Participating Settlement Member:

a) Calculate the "Net Distribution Amount" by first subtracting from the Settlement Sum:

(i)   any attorneys' fees and costs approved by the Court to be paid to Plaintiff's Counsel;

(ii)   any service payment approved by the Court to be paid to Named Plaintiff; and

(iii)   the amount of $4,000.00 as Named Plaintiff's settlement share of the Settlement Sum (in addition to any Court-approved service payment).

b) Divide the number of weeks worked by the Settlement Collective Action Member (other than Named Plaintiff) in a Covered Position within the FLSA Period as defined by the Claim above ("individual weeks") by the total number of all Settlement Collective Action Members' individual weeks (other than Named Plaintiff's), to determine the pro rata percentage for the

7

Settlement Collective Action Member in question, and then multiply that pro rata percentage by the Net Distribution Amount, to determine the Settlement Amount to be paid to the Settlement Collective Action Member (other than Named Plaintiff) if he or she becomes a Participating Settlement Member.

**9.     Releases.**

On the Effective Date, if and only if the Court approved a service payment, Named Plaintiff shall be deemed to have provided Defendants with a release of his Named Plaintiff's General Release Claims. On the date Defendants deliver the settlement amounts under this Agreement to Plaintiff's Counsel, each Participating Settlement Member shall be deemed to have released the Released Claims as defined above.

Any Settlement Collective Action Member who does not timely submit a Consent to Plaintiff's Counsel will not participate in the settlement or join the Action, and will not have released any claims under this Agreement.

**10.    References and No Retaliation.**

Defendants agree to respond to any inquiries related to potential employment or requests to verify his prior employment regarding Named Plaintiff by providing only dates of employment, titles, and pay at time of separation, and Defendants agree not to disclose the fact of the Action in response to any such inquiries and will not make any reference to eligibility or ineligibility for rehire. As stated in the Notice, the Parties agree that no person will be retaliated against for participating in this Settlement. Plaintiff hereby notifies Defendants of Arkansas Code § 11-3-202, Minn. Stat. Ann. § 179.60, Okla. Stat. Ann. tit. 40, § 172, and Tex. Lab. Code Ann. § 52.031, regarding prohibited employee blacklisting.

**11.    Non-Interference.**

Nothing in this Agreement is intended to interfere with Named Plaintiff's rights under applicable law to file or otherwise institute a charge of discrimination, to participate in a proceeding with any appropriate federal or state government agency enforcing discrimination laws, or to cooperate with any such agency in its investigation; however, if the Court approves the service payment to Named Plaintiff resulting in Named Plaintiff providing his release of Named Plaintiff's General Release Claims, Named Plaintiff will not be entitled to receive individual remedies or damages in any such government agency charge, proceeding, or investigation of Named Plaintiff's General Release Claims released by this Agreement, as the consideration provided to Named Plaintiff under this Agreement constitutes the sole relief provided to him for those claims released under this Agreement.

**12.    Non-Waiver.**

No delay or omission by either Party in exercising any right under this Agreement shall operate as a waiver of that, or any other right. A waiver or consent given by a Party on any occasion shall be effective only in that instance and shall not be construed as a bar or waiver of any right on any other occasion.

13.     **Complete Agreement.**

Other than as stated herein, the Parties warrant that no representation, promise, or inducement has been offered or made to induce any Party to enter into this Agreement and that they are competent to execute this Agreement and accept full responsibility therefore. This Agreement contains and constitutes the entire understanding and agreement between the Parties and supersedes all previous oral and written negotiations, agreements, commitments, and writings in connection therewith. This Agreement may not be amended or modified except by a writing signed by authorized representatives of all Parties.

14.     **Knowing and Voluntary Agreement.**

The Parties agree that they are entering into this Agreement knowingly, voluntarily, and with full knowledge of its significance. The Parties further affirm that none of them has been coerced, threatened, or intimidated into signing this Agreement; that they have been advised to consult with an attorney; and that each of them in fact has been represented by counsel in the Action and has consulted with an attorney before signing this Agreement.

15.     **Notices.**

Any notices issued pursuant to the terms of this Agreement shall be sent to the Parties at the addresses of their respective counsel of record in the Action.

16.     **Severability.**

If any part of this Agreement is found to be illegal, invalid, inoperative or unenforceable in law or equity, such finding shall not affect the validity of any other provisions of this Agreement, which shall be construed, reformed and enforced to effectuate the purposes thereof to the fullest extent permitted by law.  If one or more of the provisions contained in the Agreement shall for any reason be held to be excessively broad in scope, subject matter or otherwise, so as to be unenforceable at law, the Parties agree that such provision(s) shall be construed to be limited or reduced so as to be enforceable to the maximum extent under the applicable law.

17.     **Counterparts**.  The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if all Parties had signed the same original instrument.

18.     **Facsimile and Email Signatures**.  Any party may execute this Agreement by signing on the designated signature block below and transmitting that signature page via facsimile or email to counsel for the other party.  Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email. Any Settlement Collective Action Member may execute a Consent by signing on the designated signature block and transmitting that signature via facsimile, email, or other electronic means to Plaintiff's Counsel.

19. **Governing Law.**

This Agreement shall be governed by Arkansas law, without regard to that state's choice of law provisions. The Parties also hereby submit to the jurisdiction of the Court for all purposes relating to the review, approval and enforcement of the terms of this Agreement.

**IN WITNESS WHEREOF**, the Parties voluntarily and without coercion have caused this Agreement to be signed and entered under seal as of the respective dates written below as their free acts and deeds.

PLAINTIFF, individually and on behalf of others similarly situated,

_____
James Smiley
Dated: _____

DELI PARTNERS, LLC

*/s/ Bourke Harvey*
Bourke Harvey, Manager
Dated: 4-2-18

HARVEY NORTH LITTLE ROCK, L.L.C.

*/s/ Bourke Harvey*
Bourke Harvey, Manager
Dated: 4-2-18

DELI PARTNERS OF NORTH LITTLE ROCK, LP

*/s/ Bourke Harvey*
Bourke Harvey, Manager
Dated: 4-2-18

Bourke C. Harvey

*/s/ Bourke C. Harvey*
Bourke C. Harvey
Dated: 4-2-18

### 19. Governing Law.

This Agreement shall be governed by Arkansas law, without regard to that state's choice of law provisions. The Parties also hereby submit to the jurisdiction of the Court for all purposes relating to the review, approval and enforcement of the terms of this Agreement.

**IN WITNESS WHEREOF**, the Parties voluntarily and without coercion have caused this Agreement to be signed and entered under seal as of the respective dates written below as their free acts and deeds.

PLAINTIFF, individually and on behalf of others similarly situated,

_____
James Smiley
Dated: 3-29-18

DELI PARTNERS, LLC

_____
Bourke Harvey, Manager
Dated: 4-2-18

HARVEY NORTH LITTLE ROCK, L.L.C.

_____
Bourke Harvey, Manager
Dated: 4-2-18

DELI PARTNERS OF NORTH LITTLE ROCK, LP

_____
Bourke Harvey, Manager
Dated: 4-2-18

Bourke C. Harvey

_____
Bourke C. Harvey
Dated: 4-2-18

10

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**JAMES SMILEY, on behalf of himself and**     **PLAINTIFF**
**and all others similarly situated,**

**v.**     No. 4:17-cv-612-JLH

**DELI PARTNERS, LLC, a franchisee d/b/a "Jason's Deli";**
**HARVEY NORTH LITTLE ROCK, L.L.C., managing entity;**
**and BOURKE C. HARVEY, an individual,**     **DEFENDANTS**

## ORDER

The above-styled case is before the Court on the parties' Joint Motion Motion For Approval of Collective Action Settlement (the "Motion").

A district court may only approve a settlement agreement and enter a stipulated judgment that includes a waiver of FLSA claims after it determines that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties. *Okada v. Eagle's HVAC, LLC*, No. 2:16-CV-02245, 2017 U.S. Dist. LEXIS 205376, at *3 (W.D. Ark. Dec. 14, 2017), citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 n.8 (11th Cir. 1982). The settlement and release is enforceable "only if the district court enter[s] a 'stipulated judgment' approving it." *Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1308 (11th Cir. 2013).

The Court has reviewed both (i) the executed Settlement Agreement, and (ii) the proposed Notice and Consent packet (the "Notice"). For the reasons set forth in the Motion, the Court finds that the parties' settlement represents a fair and reasonable resolution of their dispute and that the proposed Notice

should be issued to all eligible potential settlement opt-in plaintiffs as specified in the Motion and Settlement Agreement.

Accordingly, the Motion is GRANTED and the parties' Settlement Agreement and Notice are APPROVED and their terms are incorporated herein by reference as the stipulated JUDGMENT in this case.

This Court shall retain jurisdiction over this matter until the terms set forth in the Settlement Agreement have been complied with in full.

The Clerk is DIRECTED to enter JUDGEMENT and close the case.

IT IS SO ORDERED this ___ day of _____, 2018.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE